# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

IN RE:

ZACHARY D. HENDERSON ) Case No. 22-40518
) Chapter 7

NVLCC, LLC,
        Plaintiff,
) Adv. No. 22-
vs.

ZACHARY D. HENDERSON

        Defendant.

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

For its Complaint, Plaintiff NVLCC, LLC ("Plaintiff") states and alleges as follows:

1. Plaintiff is a Kansas limited liability company with its principal place of business in Overland Park, Kansas.

2. Plaintiff holds a claim against Debtor/Defendant Zachary D. Henderson ("Defendant" or "Henderson") as evidenced by the Journal Entry of Judgment entered in favor of Plaintiff and against Defendant on January 24, 2020 in Johnson County District Court Case No. 2019 CV 005899 (the "Judgment").

3. As of the date of Henderson's bankruptcy filing, Plaintiff's Judgment is in the amount of $385,200. The Judgment is for damages resulting from Defendant's willful breach of his fiduciary duties to Plaintiff.

4. Plaintiff's Judgment was not appealed and is a final order of the Johnson County District Court.

5. This action is brought under 11 U.S.C. § 523 for a determination that the amounts owed to Plaintiff by Defendant under the Judgment should be excepted from discharge under 11 U.S.C.§ 523(a)(2), (4) and (6).

6. This Court has jurisdiction under 28 U.S.C. § 1334. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157. This is a core proceeding.

## FACTS COMMON TO ALL COUNTS

7. In early 2015, Plaintiff's principal, Steve Sobek, discovered undeveloped land uniquely situated in Lenexa City Center (the "Lenexa Property").

8. Sobek believed the Lenexa Property was ideal for a townhome development and immediately began searching for potential partners to assist him.

9. During his search, Sobek was referred to local developers Zach Henderson ("Defendant") and his wife, Jessica Spalding ("Spalding").

10. Despite Henderson and Spalding having no prior relationship with Sobek, they were interested.

11. Shortly thereafter, Henderson and Spalding brought into the deal a couple with whom they had previously worked - Neil Robinson and his wife, Elizabeth Embry.

12. Together, the three couples – Henderson and Spalding, Robinson and Embry, and Steve and Julia Sobek – formed Parthenon Investing, LLC ("Parthenon") and its wholly-owned subsidiary, North Village Fund, LLC ("NVF").

13. The express purpose of both Parthenon and NVF per their respective Operating Agreements was consistent with Sobek's original vision - to acquire the Lenexa Property, title the same in NVF, and then construct a townhome development thereon.

14. Parthenon was designated as sole manager of NVF, Henderson and Sobek were designated as co-managers of Parthenon, and the three couples agreed to evenly divide the profits.

15. Thereafter, NVF's development of the Lenexa Property floundered primarily due to NVF's inability to obtain sufficient equity funding and construction financing. In addition, a dispute arose between Henderson and Sobek as to whether NVF should utilize Sagebrush Companies, Inc./Ken Cope or Randy Wilbanks/Heartland Ventures for the needed equity funding and construction financing.

16. On September 8, 2016, Henderson sent Sobek (with copies to Spalding, Robinson and Embry) a lengthy e-mail accusing him of wanting to "take the deal", asserting that negotiations with Sagebrush and Cope would go no further, and that Wilbanks was the optimal choice.

17. Henderson immediately took steps to secretly transfer NVF's real estate to a new entity which he controlled and in which the Plaintiff would not be a part. Henderson testified that he did this so Plaintiff would not participate in the profits from the development of NVF's real estate. Henderson's actions were all done in secret and without notice to Plaintiff, notwithstanding Henderson's fiduciary duty to notify Plaintiff, a member of NVF which Henderson managed.

18. On September 14, 2016, Henderson initiated a special Parthenon members' meeting to have Sobek removed as a co-manager of Parthenon.

19. At the members' meeting, Sobek was removed as a co-manager of Parthenon.

20. Sobek voted against his removal but was overruled by Henderson and Robinson, who both voted in favor of it.

21.  On October 6, 2016, seventeen (17) days after Henderson caused Sobek to be removed as co-manager of Parthenon, Henderson discreetly formed a Missouri entity called Elux Homes LLC and installed his wife, Spalding, as its 100% owner and manager.

22.  On February 24, 2017, Henderson, without notice to Plaintiff or Sobek, prepared and signed a contract to sell NVF's Lenexa Property (the "Sale Contract") to another entity wholly owned by Henderson and Spalding - Plutus Development, Inc. ("Plutus Development").

23.  Henderson signed the Sale Contract on behalf of both NVF, as seller, and Plutus Development, as buyer.

24.  On March 8, 2017, Henderson created NV Lenexa Land Holdings LLC ("NV Lenexa") and installed Elux (the Missouri entity Henderson created in October 2016 and owned by his wife) as its sole owner and manager.

25.  On March 13, 2017, Henderson caused Plutus Development to assign to NV Lenexa its rights under the Sale Contract with NVF.

26.  Henderson prepared and signed the assignment documents on behalf of both Plutus Development, as assignor, and NV Lenexa, as assignee.

27.  Henderson then sought and obtained on behalf of NV Lenexa the financing needed to pay off the debt encumbering NVF's Lenexa Property.

28.  Acting as the manager of NV Lenexa, Henderson signed a loan term sheet with lender Richmond Morgan, a promissory note to Richmond Morgan, and a Mortgage to Richmond Morgan secured by NVF's Lenexa Property.

29.  Henderson then simultaneously negotiated on behalf of both NVF and NV Lenexa the terms of the unsecured carry-back note NVF accepted from NV Lenexa in exchange for the Lenexa Property (the "Note").

30. The terms of the Note were so egregiously one-sided in favor of Henderson's wife's company NV Lenexa[1] that it was found to constitute a breach of Henderson's fiduciary duty to Plaintiff to accept the Note in exchange for the Lenexa Property. The Court found that, as a result of Henderson's willful and secret actions, Plaintiff was damaged in the amount of $283,333 plus interest and entered Judgment for that amount.

31. As of the date of Henderson's bankruptcy filing, Plaintiff's claim against Henderson under the Judgment is $385,284.24, plus ongoing interest.

32. For the above reasons, Plaintiff's claim against Henderson should be held to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4) and (6).

WHEREFORE, the Plaintiff requests that the Court make and enter an Order finding that Plaintiff's claim against Defendant Zach Henderson is nondischargeable under 11 U.S.C. §523(a)(2), (4) and (6), for its costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mark J. Lazzo
Mark J. Lazzo, #37559
MARK J. LAZZO, P.A.
3500 N. Rock Rd.
Bldg. 300, Ste. B
Wichita, KS 67226
T: (316) 263-6895 | F: (316) 264-4704
mark@lazzolaw.com
*Attorney for Plaintiff NVLCC, LLC*

---

[1] Plaintiff's Judgment against Henderson includes findings that the Note terms were egregiously one-sided against NVF based upon loan terms that Hernderson was able to contemporaneously obtain on the open market from lender Richmond Morgan. Comparing the Note terms Henderson gave to his wife's company to the terms of the loan from Richmond Morgan, Henderson's wife's company was allowed to: (a) pay NVF half the rate of interest required by Richmond Morgan; (b) pay NVF no loan origination fee versus a 4% loan fee required by Richmond Morgan; (c) give NVF no collateral for the Note while Richmond Morgan required a mortgage in the real estate at issue; (d) not require personal guarantees as were required by Richmond Morgan; (e) make no installment payments on its note to NVF; and (f) extend the maturity date on its note to NVF for no consideration.